FILED
JAMES BONMI
CLERK

11 OCT 25 PM 1: 16

U.S. DISTRICT COURT
SOUTHERN DISTRICT
WEST DAY OHIO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| NANCY FREY-O'HARA<br>402 Waterbury Circle<br>Cincinnati, Ohio 45231<br><br>              Plaintiff,<br>v.<br><br>STELLAR RECOVERY, INC.<br>c/o Statutory Agent<br>Business Filings Incorporated<br>4400 Easton Commons Way<br>Columbus, Ohio 43219<br><br>and<br><br>JOHN AND JANE DOES 1-10<br><br>              Defendants. | CASE NO.: 1:11 CV 752<br><br><br>JUDGE WEBER, J.<br><br><br>COMPLAINT<br><br><br>A Trial by the Maximum Number of Jurors<br>is hereby Demanded |

Here comes Plaintiff Nancy Frey-O'Hara, (hereinafter "Plaintiff" or "O'Hara") and sets forth her *Complaint* against Defendants Stellar Recovery, Inc. (hereinafter "Stellar") and Defendants John and Jane Does 1 – 10 (Collectively "Defendants") as follows:

## JURISDICITON

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by Stellar and its agents in their illegal efforts to collect a consumer debt.

2. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d)

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff is an adult individual whose residence is in Cincinnati, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Stellar is a Florida business entity with an address of 1845 US Highway 93 S Ste 310, Kalispell, Montana 59901, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Defendants John and Jane Does 1 - 10 are the individual collectors for the Stellar, but whose names are unknown. The Complaint will be amended to add their names when they are determined through discovery.

7. Stellar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.** **The Debt**

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to HSBC (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Stellar for collection, or Stellar was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.** **Stellar Engages in Harassment and Abusive Tactics**

### FACTS

12. Defendants first called Plaintiff on or about May 11, 2011, in an attempt to collect the Debt.

13. Plaintiff explained to Defendants that she had previously been making two (2) payments of $250.00 a month towards the Debt and that she would gladly make the same payments to Stellar.

14. Despite Plaintiff's offer, Defendants immediately demanded that Plaintiff pay the Debt in full within the following two (2) days.

3

15. Defendants' demand overshadows Plaintiff's right under Federal and State laws to dispute the validity of the Debt within the following thirty (30) days.

16. Stellar agreed that if Plaintiff were to pay the sum of $509.50 to Stellar on May 19, 2011 and a payment of $1,729.67 that it would provide Plaintiff with additional time within which to pay. Plaintiff sent the payments as agreed.

17. Despite Stellar's agreement to provide Plaintiff with additional time, Defendants immediately thereafter contacted Plaintiff to collect and further made several threats to Plaintiff if she did not pay the Debt in full.

18. Defendants have threatened to immediately garnish Plaintiff's wages in an attempt to collect the Debt. No such action has been taken to date.

19. Defendants have threatened to immediately put a lien on Plaintiff's property in an attempt to collect the Debt. No such action has been taken to date.

20. Defendants have threatened to immediately take legal action against Plaintiff in an attempt to collect the Debt. No such action has been taken to date.

21. Defendants contacted Plaintiff at an excessive and harassing rate, sometimes contacting Plaintiff as many as three (3) calls a day to Plaintiff in an attempt to collect the Debt.

22. Defendants threatened to contact a Plaintiff's husband, a third party about the debt, if Plaintiff did not pay the Debt in full. Plaintiff incurred the Debt prior to marrying her husband.

23. Defendants have used rude and abusive language when speaking with Plaintiff in an effort to intimidate Plaintiff into making immediate payment, including during one conversation experienced a bullying from the collector's supervisor.

4

24.     Defendants have failed to send Plaintiff a "30-Day Validation Notice."

C.     **Plaintiff Suffered Actual Damages**

25.     Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

27.     Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**(Violations of the Fair Debt Collections Practices Act)**
**(15 U.S.C. § 1692, et seq.)**

28.     Plaintiff incorporates by reference all of the above Paragraphs of this Complaint as though fully stated herein.

29.     Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

30.     Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

31.     Defendants misrepresented the character, amount, and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

5

32. Defendants threatened Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

33. Defendants threatened Plaintiff with attachment of his property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

34. Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

35. Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

36. Defendants failed to send Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

37. Defendants failed to send Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

38. Defendants failed to send Plaintiff a validation notice stating Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

39. Defendants failed to send Plaintiff a validation notice informing Plaintiff of a right to have verification and judgment mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

40. Defendants failed to send Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

41. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

42. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
### (Violation of the Ohio Consumer Sales Practices Act ("OCSPA"))
### (O.R.C. § 1345.01, *et seq.*)
### (Against Defendants Stellar only)

43. Plaintiff incorporates by reference all of the above Paragraphs as if fully restated herein.

44. Plaintiff is a "Consumer" as defined by O.R.C. § 1345.01(D).

45. Stellar is a "supplier" as defined by O.R.C. § 1345.01(C).

46. At all relevant times Stellar was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01(A).

47. O.R.C. §1341.02 prohibits "suppliers" from using unfair or deceptive practices.

48. O.R.C. §1341.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

49. Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

50. Defendants' debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

51. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants is subject to punitive damages.

52. Defendants' acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages.

## COUNT III
### (Invasion of Privacy by Intrusion upon Seclusion)

53. Plaintiff incorporates by reference all the above Paragraphs of this complaint as if fully restated herein.

54. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

55. Ohio recognizes Plaintiff's right to be free from invasions of privacy, thus Defendants violated Ohio state law.

56. Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff with condescending and obscene language, and threatening legal action.

57. The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second*, § 652(b) requirement for an invasion of privacy.

58. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive

Case

to a reasonable person.

59. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

60. Defendants' acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nancy Frey-O'Hara requests that this Court finds liability against Defendants on all counts and award Plaintiff the following damages:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.R.C. § 1345.09(A) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F)(1) against Defendants;

4. Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as this Court may determine to be just and

proper.

Dated: October 17, 2011

                                    Respectfully submitted,

                                    Brian T. McElroy, Esq. (0073930)
                                    MCELROY LAW, LLC
                                    1991 Crocker Road
                                    Gemini I, Suite 600
                                    Westlake, Ohio 44145
                                    Phone: (440) 892-3334
                                    Fax:    (440) 892-3336
                                    Email: btm@McElroyLawllc.com
                                    Email: bmcelroy@LembergLaw.com

                                    Co-Counsel with:

                                    LEMBERG & ASSOCIATES, L.L.C.
                                    A Connecticut Law Firm
                                    1100 Summer Street, 3rd Floor
                                    Stamford, CT 06905
                                    Telephone: (203) 653-2250
                                    Facsimile: (203) 653-3424

                                    Attorneys for Plaintiff Nancy Frey-O'Hara

## JURY DEMAND

Plaintiff hereby makes a demand for trial by the maximum number of jurors allowed by law, on all triable issues.

                                    Brian T. McElroy (0073930)